UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT WALLS,

                    Petitioner,

v.                                    Case No. 3:04-cv-434-J-32MMH

JAMES R. MCDONOUGH,[1]
et al.,

                    Respondents.
_____

**ORDER**[2]

**I. Status**

Petitioner Robert Walls, an inmate of the Florida penal system
proceeding *pro se*, initiated this action by filing a Petition for
Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to
28 U.S.C. § 2254 on June 4, 2004.  Petitioner challenges a 1998
state court (Duval County, Florida) conviction for second degree

---

[1] James R. McDonough, the Secretary of the Florida Department
of Corrections, is substituted as the proper party Respondent for
James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal
Rules of Civil Procedure.

[2] Under the E-Government Act of 2002, this is a written
opinion and therefore is available electronically.  However, it has
been entered only to decide the motion or matter addressed herein
and is not intended for official publication or to serve as
precedent.

murder, two counts of attempted first degree murder, armed robbery and armed burglary on the following grounds:  (1) ineffective assistance of trial counsel for failure to investigate and present evidence that the television and newspaper reports were shown prior to the victims' alleged identification of Petitioner; (2) ineffective assistance of trial counsel for failure to object and move to have an alternate juror replace a juror who was found to be sleeping during the trial; (3) ineffectiveness for counsel's failure to investigate and present evidence to the jury that Petitioner had previously injured his shoulder approximately one month prior to the incident and that Petitioner already had a dislocated shoulder; (4) ineffectiveness for counsel's failure to move to suppress any evidence found at his sister's residence during an illegal search and seizure due to threats by police officials; (5) ineffectiveness for counsel's failure to comply with his "opening promises" as to what the evidence would show and for failure to move for impeachment of witnesses; (6) ineffectiveness for counsel's failure to call an alibi witness who was available to testify; (7)(a) post conviction counsel violated Petitioner's due process right to confrontation and cross-examination (with respect to grounds one and three of the Rule 3.850 motion) when she called defense counsel as her own witness; and, (7)(b) the trial court erred in summarily denying grounds five and six of the motion for post conviction relief.

Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. #8) (hereinafter Response).   In support of their Response, they submitted exhibits.[3]  Petitioner was instructed on how to properly respond to a motion to dismiss and/or for summary judgment.  <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #5).  Petitioner has responded.  <u>See</u> Petitioner's Reply to Respondents' Response (Doc. #12).  This case is now ripe for review.

## II. Procedural History

After the commission of a home invasion robbery at the home of Michael and Susan Gonzalez on August 2, 1997, resulting in the death of one robber and the wounding of Mr. and Mrs. Gonzalez, Petitioner was charged with one count of second degree felony murder with a firearm for the death of a co-perpetrator, two counts of attempted first degree murder with a firearm for the shootings of Michael and Susan Gonzalez, robbery with a firearm, burglary with a firearm and possession of a firearm by a convicted felon. Ex. A at 1-4, 61-63.  The last count was severed, and Petitioner proceeded to trial on the remaining five charges.   The jury convicted Petitioner, as charged, on all five counts.  <u>Id</u>. at 131-37, 151.  Petitioner qualified as both a habitual felony offender

---

[3] Respondents' exhibits will be hereinafter referred to as "Ex."

and a prison releasee reoffender and was sentenced to five concurrent life terms. Id. at 151-60, 201.

On direct appeal, Petitioner, through counsel, raised the following claims: (1) Section 775.082 of the Florida Statutes, known as the prison releasee reoffender law, is unconstitutional because it delegates judicial sentencing power to the State Attorney in violation of Article II, Section 3, of the Florida Constitution; (2) the prison releasee reoffender law is unconstitutional because it includes multiple unrelated subjects in one Act, in violation of Article III, Section 6 (the single subject provision), of the Florida Constitution; and, (3) the trial court erred in sentencing Petitioner as both a prison releasee reoffender and a habitual felony offender. Ex. C. The State filed an Answer Brief. Ex. D. On May 17, 2000, the appellate court per curiam affirmed with a written opinion, denying the constitutional challenges, but directing the trial court to strike the habitual offender designation. Walls v. State, 765 So.2d 733 (Fla. 1st DCA 2000); Ex. E. The mandate was issued on June 2, 2000. Ex. F.

On June 13, 2000, a notice to invoke the discretionary jurisdiction of the Supreme Court of Florida was filed. Subsequently, Petitioner later moved to dismiss the case, and it was dismissed on December 11, 2000. Walls v. State, 779 So.2d 275 (Fla. 2000); Ex. G.

On April 26, 2001, Petitioner filed a *pro se* motion for post conviction relief, raising the following grounds: (1) ineffective assistance of trial counsel for counsel's failure to investigate and present evidence that television and newspaper reports were shown prior to the victims' alleged identification of the Defendant; (2) ineffective assistance of trial counsel for placing Defendant at the scene of the crime with one of the perpetrators, thus conceding Defendant's guilt; (3) ineffectiveness for counsel's failure to object and move to have an alternate juror replace a juror who was found to be sleeping during the trial; (4) ineffectiveness for counsel's failure to investigate and present evidence to the jury that Petitioner had previously injured his shoulder approximately one month prior to the incident and that Petitioner already had a dislocated shoulder; (5) ineffectiveness for counsel's failure to move to suppress any evidence found at his sister's residence during an illegal search and seizure due to threats by police officials; (6) ineffectiveness for counsel's failure to comply with his "opening promises" as to what the evidence would show and for failure to move for impeachment of witnesses; and, (7) ineffectiveness for counsel's failure to call an alibi witness who was available to testify. Ex. H at 1-28, 51-54. The trial judge granted an evidentiary hearing, stating:

> Although Grounds 2, 5, and 6 of the original
> motion can be refuted from the record, Grounds
> 1, 3, and 4 require an evidentiary hearing and
> response from the State. The new ground

> alleged in the second supplemental motion [ground seven] is filed beyond the two-year period after the issuance of the Mandate affirming the Defendant's conviction and is therefore time barred.

Id. at 55.

After appointing counsel and conducting an evidentiary hearing, the trial court entered a written order denying relief. Id. at 97-103. The transcript of the March 28, 2003, evidentiary hearing (hereinafter EH Tr.) has been submitted as "Exhibit D" of the Order Denying Defendant's Motion for Post Conviction Relief. Id. at 122-77.

On appeal, Petitioner raised the following grounds: (1) the order denying the Rule 3.850 motion, after the evidentiary hearing, should be reversed because Petitioner did not receive a full and fair hearing with respect to grounds one and three of the Rule 3.850 motion; (2) the trial court erred in summarily denying ground five of the motion; and, (3) the trial court erred in summarily denying ground six of the motion. Ex. I. The State responded. Ex. J. On April 27, 2004, the appellate court per curiam affirmed without issuing a written opinion. Walls v. State, 872 So.2d 902 (Fla. 1st DCA 2004); Ex. K. The mandate was issued on May 25, 2004. Ex. L.

The Petition for Writ of Habeas Corpus, filed in this Court on June 4, 2004, is timely filed within the one-year period of limitation. See Response at 4-6; 28 U.S.C. § 2244(d).

6

### III. Evidentiary Hearing

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  Smith, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel").  No evidentiary proceedings are required in this Court.  High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).  The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, for the reasons set forth above, an evidentiary hearing will not be conducted by this Court.

## IV. Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA).  Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA:

> Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners.  Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which was effective as of April 24, 1996.  AEDPA applies to all petitions filed after its effective date. . . .
>
> AEPDA "places a new constraint on a federal habeas court's power to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court" by establishing a deferential standard for reviewing state court judgments in these cases.  Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  Subsection (d) of § 2254 provides:

(d) An application for a writ of
habeas corpus on behalf of a person
in custody pursuant to the judgment
of a State court shall not be
granted with respect to any claim
that was adjudicated on the merits
in State court proceedings unless
the adjudication of the claim--

(1) resulted in a decision that was
contrary to, or involved an
unreasonable application of, clearly
established Federal law, as
determined by the Supreme Court of
the United States; or

(2) resulted in a decision that was
based on an unreasonable
determination of the facts in light
of the evidence presented in the
State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

AEDPA also makes clear that substantial
deference is to be accorded a state court's
findings of fact.  Section 2254(e)(1) provides
that "a determination of a factual issue made
by a State court shall be presumed to be
correct.  The applicant shall have the burden
of rebutting the presumption of correctness by
clear and convincing evidence."  28 U.S.C. §
2254(e)(1).

Henderson v. Campbell, 353 F.3d 880, 889-891 (11th Cir. 2003)

(footnote omitted), cert. denied, 543 U.S. 811 (2004).

Clearly, the new 28 U.S.C. § 2254(d) creates a more

deferential standard for federal court review of state court

adjudications:  "[u]nless a state court decision is directly

contrary to Supreme Court case law, we review state court findings

of fact and conclusions of law for reasonableness."  Van Poyck v.

<u>Florida Dep't of Corr.</u>, 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003); <u>Mitchell v. Esparza</u>, 540 U.S. 978 (2003) (per curiam) (holding that the Ohio Court of Appeals' decision was not "contrary to" or an "unreasonable application" of clearly established federal law and stressing "the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)").

Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.   That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 125 S.Ct. 2456, 2462 (2005) (citations omitted).   If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Id</u>. at 2467 (citation omitted).

The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).   Establishing these two elements is not easy:   "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)).

11

For assessing a lawyer's performance, Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000) (en banc) cert. denied, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law:  "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment."  Id. at 1314 (internal marks omitted). . . .  Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance."  See Strickland, 104 S.Ct. at 2066.

The inquiry into whether a lawyer has provided effective assistance is an objective one:  a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take."  See Chandler, 218 F.3d at 1315. . . .

A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high.  "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test."  Strickland, 104 S.Ct. at 2067.  Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given adequate assistance.  See id. at 2068.[4]

Van Poyck, 290 F.3d at 1322-23 (footnotes omitted).

---

[4] However, "when a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved."  Davis v. Sec'y for the Dep't of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003) (per curiam) (citation omitted).

In sum, "[w]ithout proof of both deficient performance and prejudice to the defense, . . . it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and the sentence or conviction should stand." <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002) (internal citation omitted) (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

### VI. Findings of Fact and Conclusions of Law

#### A. Ineffectiveness Claims
#### Grounds One Through Six

Petitioner Walls raises the following ineffectiveness claims for defense counsel's:  (1) failure to investigate and present evidence that the television and newspaper reports were shown prior to the victims' alleged identification of Petitioner (Rule 3.850 motion, ground one); (2) failure to object and move to have an alternate juror replace a juror who was found to be sleeping during the trial (Rule 3.850 motion, ground three); (3) failure to investigate and present evidence to the jury that Petitioner had previously injured his shoulder approximately one month prior to the incident and that Petitioner already had a dislocated shoulder (Rule 3.850 motion, ground four); (4) failure to move to suppress any evidence found at his sister's residence during an illegal search and seizure due to threats by police officials (Rule 3.850 motion, ground five); (5) failure to comply with his opening promises as to what the evidence would show and for failure to move

for impeachment of witnesses (Rule 3.850 motion, ground six); and, (6) failure to call an alibi witness who was available to testify ("Defendant's Supplemental Ground to Rule 3.850 Motion," ground seven).  Petitioner raised these claims in his Rule 3.850 motion and "Defendant's Supplemental Ground to Rule 3.850 Motion."  Ex. H at 1-28, 51-54.

The trial judge required a response from the State and granted an evidentiary hearing with respect to grounds one, two and three (Rule 3.850 motion, grounds one, three and four); however, he stated that grounds four and five (Rule 3.850 motion, grounds five and six) could be refuted based on the record before the trial court.  Id. at 55.  Further, the trial judge concluded that ground six ("Defendant's Supplemental Ground to Rule 3.850 Motion," ground seven), which was filed beyond the two-year period after the issuance of the mandate affirming the conviction, was time barred. Id.  After conducting an evidentiary hearing on March 28, 2003, the trial court, in denying the Rule 3.850 motion, adjudicated grounds one through five on the merits.  Id. at 97-102.

Petitioner appealed the denial of his Rule 3.850 motion. However, on appeal in his *pro se* brief, Petitioner only raised three grounds:  (1) the order denying the Rule 3.850 motion, after the evidentiary hearing, should be reversed because Petitioner did not receive a full and fair evidentiary hearing (with respect to grounds one and three of the Rule 3.850 motion) because his post

14

conviction counsel erred by calling defense counsel (Mr. Bettman) as her own witness, which deprived Petitioner of the right to cross-examine him as an adverse witness; (2) the trial court erred in summarily denying ground five of the motion; and, (3) the trial court erred in summarily denying ground six of the motion.  Ex. I. The State responded (Ex. J), and the appellate court per curiam affirmed without issuing a written opinion.  Walls, 872 So.2d 902; Ex. K.

Respondents contend, and this Court agrees, that Petitioner failed to appeal the denial of his ineffectiveness claims, but rather claimed he did not receive a full and fair evidentiary hearing (due to post conviction counsel's calling defense counsel as her own witness) and further contended trial court error in summarily denying two grounds.  See Response at 6-11, 16-18, 28-29. Thus, Petitioner did not exhaust these claims in state court.  See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (finding that exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.)(finding that claims presented in a post-conviction motion but not appealed were procedurally barred in subsequent habeas proceedings), cert. denied, 502 U.S. 944 (1991); Smith v. Jones, 923 F.2d 588, 589 (8th Cir. 1991) (finding that the claims presented in a post-conviction motion that were not included

in the appeal of the order denying that motion were procedurally barred).

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust his ineffective assistance of counsel claims because the claims could have and should have been included in his appeal of the order denying his Rule 3.850 motion.   Thus, these ineffective assistance of counsel claims have been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004).   "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice."  Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003).   The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002). Petitioner has not shown both cause and prejudice nor has he demonstrated that he meets the requirements of the fundamental

miscarriage of justice exception.   Therefore, the Court need not address the merits of these grounds.

However, even assuming *arguendo* that Petitioner's appeal of the order denying the 3.850 motion was sufficient to exhaust these claims[5], he is not entitled to relief.   As noted previously, after conducting an evidentiary hearing on March 28, 2003, the trial court adjudicated grounds one through five on the merits.[6]   Id. at 97-102.   In denying these claims, the trial court identified the two-prong Strickland ineffectiveness test as the controlling law, stating in pertinent part:

> In the instant Motion, Defendant raises six grounds for relief premised upon allegations of ineffective assistance of counsel.   This Court notes that in order to prevail on a claim of ineffective assistance of counsel, Defendant must show that: (1) counsel's performance was outside the wide range of reasonable professional assistance, and (2) counsel's deficient performance prejudiced the defense, *i.e.,* that there is a

---

[5] Respondents acknowledge that, in the *pro se* brief, Petitioner did discuss two summarily denied claims:   counsel's failure to move to suppress any evidence found at his sister's residence during an illegal search and seizure due to threats by police officials (Petition, ground four; Rule 3.850 motion, ground five) and counsel's failure to comply with his opening promises as to what the evidence would show and for failure to move for impeachment of witnesses (Petition, ground five; Rule 3.850 motion, ground six).   Response at 16.

[6] As previously noted, the trial judge concluded that ground six ("Defendant's Supplemental Ground to Rule 3.850 Motion," ground seven), which was filed beyond the two-year period after the issuance of the mandate affirming the conviction, was time barred. Ex. H at 55.   The trial court properly found that this claim was untimely and procedurally barred.

17

reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Cherry v. State</u>, 659 So.2d 1069 (Fla. 1995); <u>Knight v. State</u>, 394 So.2d 997 (Fla. 1981); <u>Reaves v. State</u>, 593 So.2d 1150 (Fla. 1st DCA 1992). Further, the "standard is reasonably effective counsel, not perfect or error-free counsel." <u>Coleman v. State</u>, 718 So.2d 827, 829 (Fla. 4th DCA 1998). Prejudice is demonstrated if the deficiency was sufficient to render the result unreliable. <u>Gorham v. State</u>, 521 So.2d 1067 (Fla. 1988).

In ground one[7] [Petition, ground one], Defendant asserts that counsel rendered ineffective assistance by failing to investigate and present evidence that TV and newspaper articles were shown prior to the victims['] identifying Defendant and therefore, their identification of Defendant was tainted. During the evidentiary hearing, Defendant's former trial counsel, Mr. Gerald Bettman[8], testified that he could not remember if the TV or newspapers carried accounts of the charged offense including a picture of Defendant prior to the victims' identification of Defendant. (Exhibit "D," page 7.) Mr. Bettman testified that during depositions the police officers stated that Defendant's name was not released to the media until after the victims had identified Defendant and he relied upon their testimony. (Exhibit "D," page[s] 7-8, 24.) Mr. Bettman

---

[7] This ground was addressed at the evidentiary hearing. EH Tr. at 6-9, 24-26. Mr. Bettman testified about this issue; however, Petitioner did not. <u>Id</u>. at 6-9, 24-26, 35-42.

[8] At the evidentiary hearing, Mr. Gerald Bettman (Petitioner Walls' former trial counsel) testified that he had been practicing law for over twenty-three years, handling predominately criminal cases. EH TR. at 19-20; <u>see</u> <u>Williams v. Head</u>, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that "[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), <u>cert</u>. <u>denied</u>, 530 U.S. 1246 (2000).

testified that while Mr. Gonzalez provided
inconsistent statements, Mrs. Gonzalez was
very consistent in her statements so his trial
strategy was to suggest that Mrs. Gonzalez
only identified Defendant because she saw his
name and picture on television. (Exhibit "D,"
pages 25-26.) Mr. Bettman testified that had
he investigated the possible media reports, he
may not have had a good faith basis to ask
questions to Mrs. Gonzalez about the
television in her hospital room. (Exhibit
"D," pages [sic] 26.) Defendant provided no
testimony on this ground during the hearing
and no other evidence was provided during the
hearing to determine if and when Defendant's
picture and name were released to the media.
(Exhibit "D," pages 35-42.)

This Court specifically finds that the
testimony of Mr. Bettman was more credible and
more persuasive than Defendant's allegations
and testimony. Laramore v. State, 699 So.2d
846 (Fla. 4th DCA 1997). Further, this Court
finds that counsel's decision not to
investigate and present evidence of the
media's involvement amounted to reasonable
trial strategy and therefore is not subject to
a claim of ineffective assistance of counsel.
(Exhibit "D," pages 6-9, 24-26.) Remetta v.
Dugger, 622 So.2d 452 (Fla. 1993); Gonzales v.
State, 691 So.2d 602, 603 (Fla. 4th DCA 1997)
("Tactical or strategic decisions of counsel
do not constitute ineffective assistance of
counsel.") Accordingly, this Court finds that
Defendant has failed to establish error by
counsel or prejudice to his case.

. . . .

In ground three[9] [Petition, ground two],
Defendant asserts that counsel rendered
ineffective assistance by failing to object to
and move to have the alternate juror seated to
replace another juror who may have been

---

[9] At the evidentiary hearing, both Mr. Bettman and Petitioner
addressed this issue. EH Tr. at 9-14, 26-29, 36-38, 40-42.

sleeping during the trial.   During the
hearing, Mr. Bettman testified that he did not
notice a juror sleeping during the trial and
Defendant did not mention to him that a juror
appeared to be sleeping.  (Exhibit "D," pages
9-10, 28-29.)  Mr. Bettman testified that the
Court brought to his attention that a juror
might have been sleeping and he was given the
option of removing that juror and replacing
him with the alternate.  (Exhibit "D," pages
10-11.)  Mr. Bettman testified that he chose
not to replace the possible sleeping juror
with the alternate because the alternate had a
relative in law enforcement.  (Exhibit "D,"
pages 10-11, 28.)  Additionally, Mr. Bettman
testified that he preferred the possible
sleeping juror because that juror would be
more passive and more interested in getting
out of there instead of convicting someone,
(Exhibit "D," pages 11-14), and that if the
juror had been sleeping, it would have been
during the State's presentation of evidence
which could only be a benefit to the defense.
This Court finds this to be reasonable trial
strategy.

      Defendant testified that he first learned
that a juror appeared to be sleeping after
reviewing the transcripts of his trial from
prison.   (Exhibit   "D,"   pages   36-37.)
Defendant testified that if he had known that
a juror was sleeping, he would have wanted the
juror removed because it was his life and that
juror was not paying attention.  (Exhibit "D,"
page 37.)  Defendant also testified that he
did not agree with Mr. Bettman's assertion
that   a   juror   with   a   relative   in   law
enforcement was a bad juror to have on the
jury because "they think just like everybody
else."  (Exhibit "D," page 37.)  This Court
specifically finds that the testimony of Mr.
Bettman was more credible and more persuasive
than Defendant's allegations and testimony.
<u>Laramore</u>.   Further, this Court finds that
counsel's decision not to dismiss the alleged
sleeping juror amounted to reasonable trial
strategy and therefore is not subject to a
claim of ineffective assistance of counsel.

(Exhibit "D," pages 9-14, 26-29.)  <u>Remetta</u>;
<u>Gonzales</u>.  Accordingly, this Court finds that
Defendant has failed to establish error by
counsel or prejudice to his case.

In ground four[10] [Petition, ground
three], Defendant asserts that counsel
rendered ineffective assistance by failing to
present evidence to the jury that Defendant
actually dislocated his shoulder one month
prior to the charged offense and not in a
struggle with one of the victims.  During the
evidentiary hearing, Mr. Bettman testified
that he and Defendant discussed extensively
Defendant's previously injured shoulder and
how that should be dealt with at trial.
(Exhibit "D," page 29.)  Mr. Bettman testified
that he attempted to keep out any evidence of
Defendant's shoulder injury through a Motion
in Limine and that Motion was denied.
(Exhibit "D," pages 18, 31.)   Mr. Bettman
testified that he didn't believe showing the
jury that Defendant's shoulder was easily
dislocated due to a prior injury was
advantageous to his case since there was a
struggle with one of the victims during the
charged offense.  (Exhibit "D," pages 29-30.)
Additionally, Mr. Bettman testified that the
only way to effectively present evidence of
the previously dislocated shoulder was to have
Defendant testify which would have opened the
door to Defendant's four prior felony
convictions.    (Exhibit  "D,"  page  30.)
Defendant offered no testimony regarding this
issue.  (Exhibit "D," pages 35-42.)

Again, this Court specifically finds that
the testimony of Mr. Bettman was more credible
and  more  persuasive  than  Defendant's
allegations and testimony.   <u>Laramore</u>.
Further, this Court finds that counsel's
decision not to present evidence of
Defendant's prior shoulder injury amounted to

---

[10] This ground was addressed at the evidentiary hearing. EH Tr.
at 15-19, 29-32.  Mr. Bettman testified about this issue; however,
Petitioner did not.  <u>Id</u>. at 15-19, 29-32, 35-42.

reasonable trial strategy and therefore is not subject to a claim of ineffective assistance of counsel.  (Exhibit "D," pages 14-19, 29-32.)  Remetta; Gonzales.  Accordingly, this Court finds that Defendant has failed to establish error by counsel or prejudice to his case.

In ground five [Petition, ground four], Defendant asserts that counsel rendered ineffective assistance by failing to move to suppress evidence discovered at his sister's home on the basis of an illegal search. However, counsel filed a Motion in Limine regarding the evidence found during Defendant's arrest and the Court denied the Motion.  (Exhibit "F.")  Additionally, counsel objected during the State's opening statement to the mention of the evidence found in Defendant's possession during his arrest and requested a *Richardson* hearing to determine if there was a discovery violation which the Court overruled.  (Exhibit "D," pages 148-150.)  Further, based on the testimony and identification of Defendant at trial by the victims, this Court finds that there is no reasonable probability that the outcome would have been different.  Accordingly, this Court finds that Defendant has failed to establish error by counsel or prejudice to his case.

In ground six [Petition, ground five], Defendant asserts that counsel rendered ineffective assistance by failing to comply with his opening statement promises to the jury and by failing to move for impeachment of witnesses.  Opening statements project what counsel expects the evidence to show and are not considered evidence.  Occhicone v. State, 570 So.2d 902, 904 (Fla. 1990).  Upon review of counsel's opening statement, it is evident that counsel projected that the evidence presented at trial would show that the victims gave different statements and descriptions of the alleged perpetrators and that the depositions would be one method to show these inconsistencies.  (Exhibit "E," pages 150-158.)  Additionally, while counsel did not use

> the depositions of the victims in his cross-
> examination, counsel did cross-examine the
> victims on their prior statements and
> descriptions to the police. (Exhibit "E,"
> pages 159-283.) This Court finds that any
> further cross-examination of the victims would
> have been cumulative in light of the other
> testimony presented at trial on cross-
> examination. State v. Riechmann, 777 So.2d
> 342 (Fla. 2000); Valle v. State, 705 So.2d
> 1331, 1334-35 (Fla. 1997); Provenzano v.
> Dugger, 561 So.2d 541, 545-46 (Fla. 1990).
> Accordingly, this Court finds that Defendant
> has failed to establish error by counsel or
> prejudice to this case.

Ex. H at 97-102. Thus, grounds one through five should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Response at 18.

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of grounds one through five because the state court's adjudication of the claims was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Id. at 18-29.

### B. Ground Seven

As ground 7(a), Petitioner contends that post conviction counsel violated Petitioner's due process rights to confrontation and cross-examination (with respect to grounds one and three of the

Rule 3.850 motion) when she called defense counsel (Mr. Bettman) as her own witness, thereby denying Petitioner the right to cross-examine him.   Further, as ground 7(b), he claims that the trial court erred in summarily denying grounds five and six of the motion for post conviction relief (grounds four and five of the Petition) without conducting an evidentiary hearing.   Petitioner raised these claims, on appeal of his Rule 3.850 motion, in his *pro se* brief. Ex. I.   The State responded (Ex. J), and the appellate court per curiam affirmed without issuing a written opinion.   Walls, 872 So.2d 902; Ex. K.

Respondents contend, and this Court agrees, that Petitioner has raised issues of state law, which are not cognizable on federal habeas corpus review.   Response at 29-30.   The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[11]   Coleman v. Thompson, 501 U.S. 722, reh'g denied, 501 U.S. 1277 (1991).

The Eleventh Circuit has noted:

> In Spradley v. Dugger, we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas

---

[11] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. §2254(a).

relief.  825 F.2d 1566, 1568 (11th Cir. 1987)
(involving claims as to errors at a hearing on
the petitioner's 3.850 motion); see also
Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.
1995) ("An attack on a state habeas proceeding
does not entitle the petitioner to habeas
relief in respect to his conviction, as it is
an attack on a proceeding collateral to the
detention and not the detention itself.")
(internal quotes omitted); Franzen v.
Brinkman, 877 F.2d 26, 26 (9th Cir. 1989)
(agreeing with the majority view and holding
that "a petition alleging errors in the state
post-conviction review process is not
addressable through habeas corpus
proceedings").  Therefore, while habeas relief
is available to address defects in a criminal
defendant's conviction and sentence, an
alleged defect in a collateral proceeding does
not state a basis for habeas relief.  See
Spradley, 825 F.2d at 1568.

Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir.), cert. denied,

543 U.S. 960 (2004).

Petitioner's ground seven pertains to alleged errors in the

post-conviction proceedings.  These alleged defects do not state a

basis for federal habeas relief.  Finally, it is clear that there

is no constitutional right to an attorney in state post conviction

proceedings, and consequently a petitioner cannot claim

constitutionally ineffective assistance of counsel in such

proceedings.  Henderson v. Campbell, 353 F.3d at 892 (citations

omitted).  Accordingly, Petitioner is not entitled to relief on the

basis of this claim.

Alternatively, Respondents contend, and this Court agrees,

that even assuming Petitioner has raised a federal constitutional

claim, he failed to properly exhaust the federal constitutional claim in state court and therefore, the claim is now procedurally barred in this Court.   Response at 30; <u>see</u> Section VI.A. Petitioner has not shown both cause and prejudice nor has he demonstrated that he meets the requirements of the fundamental miscarriage of justice exception.   Therefore, the Court need not address the merits of ground seven.

Even assuming *arguendo* that Petitioner properly exhausted in state court, ground seven is without merit.   Response at 30-32. Petitioner's due process rights to confrontation and cross-examination were not violated.   The trial judge conducted an evidentiary hearing, and Petitioner was appointed counsel to represent him at the evidentiary hearing.   Both Petitioner and defense counsel (Mr. Bettman) were properly called as witnesses to testify at the evidentiary hearing, and counsel presented their arguments to the trial judge.   After reviewing the transcript of the evidentiary hearing, it is clear that Petitioner was afforded a full and fair hearing.

## VII. Conclusion

Any other claims not specifically addressed are found to be without merit.   Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

26

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of November, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

sc 9/8
c:
Robert Walls
Ass't Attorney General (Hill)

27